IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 3:20-CR-57-KAC-HBG |
| | ) | |
| SHANA COFFEY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Defendant's Motion to Continue Trial Date [Doc. 30], filed on February 25, 2021. The Defendant asks the Court to continue the March 2, 2021 trial date, because counsel needs additional time to confer with the Defendant on discovery and to prepare for trial or for a plea. The motion relates that counsel was unable to work on this case for several weeks while recovering from illness. Additionally, counsel has had difficulty scheduling an in-person visit with the Defendant due to the policies of the jail during the COVID-19 pandemic. The motion relates that the Government does not oppose the requested continuance. The parties have conferred with Chambers and agreed on a new trial date of June 8, 2021.

The Court finds Defendant Coffey's motion to continue the trial and plea deadline is unopposed by the Government and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Based upon the representations in the motion, defense

counsel needs additional time to confer with the Defendant on discovery and on factual and legal matters pertinent to her case. Counsel states that meetings with the Defendant have been delayed by visitation policies relating to the COVID-19 pandemic. Counsel needs time to meet with the Defendant and to prepare the case for trial. These trial preparations cannot be concluded by March 2 or in less than three months. Thus, the Court concludes that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The motion to continue the trial [**Doc. 30**] is **GRANTED**. The trial of this case is reset to **June 8, 2021**. The Court finds that all the time between the filing of the motion on February 25, 2021, and the new trial date of June 8, 2021, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The Court also sets a new schedule in this case, which is stated in detail below.

Accordingly, it is **ORDERED** as follows:

(1) The Defendant's Motion to Continue Trial Date [**Doc. 30**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **June 8, 2021**, **at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) All time between the filing of the motion on **February 25, 2021**, and the new trial date of **June 8, 2021**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 7, 2021**;

(5) The parties are to appear before the undersigned for a final pretrial conference on **May 17, 2021, at 10:30 a.m.**

(6) The deadline for filing motions *in limine* is **May 24, 2021**; and

(7) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **May 28, 2021**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Bruce Guyton*
United States Magistrate Judge